```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID BALLENTINE,

                    Plaintiff,
        -against-                                              ORDER
                                                               10-CV-0053 (ENV)(LB)
NEW YORK CITY AND N.Y.P.D.
81ST PCT.,

                    Defendants.
------------------------------------------------------------X
```

**VITALIANO**, United States District Judge:

On December 28, 2009, plaintiff, David Ballentine, filed a pro se action in this Court alleging violations of his constitutional rights by three unnamed police officers of the New York City Police Department's 81st Precinct. See Ballentine v. NYC & NYPD 81st Precinct, 09-CV-5701 (ENV)(LB) ("Complaint #1"). On December 4, 2009, plaintiff filed the instant complaint ("Complaint #2") in the United States District Court for the Southern District of New York. By Order dated December 4, 2009, and entered December 14, 2009, Complaint #2 was transferred to this court and assigned docket number 10-CV-0053 on January 21, 2010.

The court has examined the complaints and finds that Complaint #2 is a duplicate of Complaint #1. While plaintiff has utilized a different sample 42 U.S.C. § 1983 complaint form for each complaint (one form provided by the Eastern District, and one form provided by the Southern District), the parties, allegations, injuries, and requested relief are the same, just organized differently according to the requirements of the respective forms.

Accordingly, the instant complaint, Complaint #2, is dismissed without prejudice in light of Complaint #1, the litigation pending under Ballentine v. NYC & NYPD 81st Precinct, 09-CV-5701 (ENV)(LB). See Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000) (stating that "simple dismissal of the second suit" is permitted in such situations because a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same

defendant at the same time." (citations omitted)). The Clerk of Court is therefore directed to close this case.

The Court certifies, pursuant to 28 U.S.C. section 1915(a)(3), that any appeal from this order would not be taken in good faith, see Coppedge v. United States, 369 U.S. 438, 444-45 (1962), and a certificate of appealability is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
January 25, 2010

Eric N. Vitaliano
United States District Judge